### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Pedro Temich,** | § | **CIVIL ACTION NO:** |
| | § | |
| **Plaintiff** | § | **3:11-cv-958 (MRK)** |
| | § | |
| | | |
| **vs.** | § | **September 6, 2011** |
| | § | |
| **Evan Cossette, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### NON-PARTY GOOGLE INC.'S OPPOSITION TO MOTION TO COMPEL

Non-party Google Inc. ("Google") hereby submits its Opposition to the Motion to Compel Google to Comply with Subpoena re Discovery filed by Plaintiff Pedro Temich ("Plaintiff") on August 15, 2011.  [Dkt. No. 28]

### I.      INTRODUCTION & SUMMARY

Plaintiff has issued a subpoena out of the Northern District of California demanding that Google produce the name registered with Google when the Gmail account patsfan2277@gmail.com (the "Account") was first opened in January 2010.  As Google has repeatedly explained to Plaintiff's counsel, long before Plaintiff ever issued any subpoena to Google, the Account was deleted by the user and the name registered with the Account was irretrievably purged from Google's systems in the ordinary course of business.  Nevertheless, Plaintiff has brought this frivolous motion to compel.  To make matters worse, Plaintiff has inexplicably sought to enforce his subpoena in this Court, despite the fact that a subpoena issued out of the Northern District of California can only be enforced in the Northern District of

California.  Plaintiff has therefore not only brought a frivolous motion, but has done so in the wrong court, thereby forcing Google to litigate this issue 3,000 miles away from the appropriate venue.  For these reasons, Google respectfully requests that Plaintiff's motion be denied, and that the Court award Google its reasonable expenses incurred in opposing Plaintiff's motion, including its attorney's fees.

## II.    FACTUAL BACKGROUND

### A.    General Background on Gmail

Google provides electronic mail services to the public through its Gmail email service ("Gmail").  *See* Declaration of Audrey Kim, at ¶ 2 ("Kim Decl.") (attached hereto as Exhibit A).  Google's headquarters is located in Mountain View, California, which is located in the Northern District of California, where its records custodians also reside.  *Id.*

When a user creates a Gmail account, they are required to provide a first and last name.  *Id.* ¶ 3.  When a user deletes their Gmail account, Google irretrievably purges the names associated with that account from its servers within 30 days.  *Id.*

### B.    History of the Account and Communications with Plaintiff's Counsel

The Account was created on January 7, 2010, and deleted on May 16, 2011.  *Id.* ¶ 4.  On June 16, 2011, most of the Account's subscriber information, including the name used to register the Account, was purged in the ordinary course of business.  *Id.* ¶ 5.

On July 25, 2011, Google received a subpoena issued by Plaintiff's counsel out of the District of Connecticut for "ownership" information regarding the Account.  *Id.* ¶ 6 (Ex. 1

thereto).

On July 26, 2011, Google objected by letter to Plaintiff's subpoena on several grounds, including lack of jurisdiction.  *Id*. ¶ 7 (Ex. 2 thereto).

From July 25th through July 27th, Google received approximately twenty emails from Plaintiff's counsel regarding this subpoena.  *Id*. ¶ 8.  On July 28, 2011, Google's records custodian left a voicemail for Plaintiff's counsel requesting that she stop sending emails to Google regarding her subpoena.  *Id*.

On July 28, 2011, Google received an identical subpoena, this time issued out of the Northern District of California, for "ownership" information regarding the Account.  *Id*. ¶ 9.  A copy of this subpoena is attached as Exhibit A to Plaintiff's Motion to Compel.  *Id*.  From July 28th through August 1st, Google received approximately twenty additional emails and eight voicemails from Plaintiff's counsel regarding this second subpoena.  *Id*.

On August 2, 2011, in response to the July 28, 2011 subpoena issued from the proper jurisdiction, Google produced the only subscriber information it still maintained regarding the Account, which is limited to the date the Account was created, the date it was deleted, an IP address, and the list of services provided to the Account.  *Id*. ¶ 10.  A copy of Google's production and the accompanying cover letter are attached as Exhibit B to Plaintiff's Motion to Compel.  *Id*.

On August 8, 2011, Google received a draft Motion to Compel from Plaintiff's counsel that is substantially identical to the motion now before the Court.  *Id*. ¶ 11 (Ex. 3 thereto).  As with the instant motion, the draft demanded the "name" registered with Google when the

Account was opened and accused Google of responding to Plaintiff's subpoena only "after withdrawing the very information Counsel seeks to discover." *Id.* (Draft Memorandum of Law, at 2).

On August 9, 2011, Google's outside counsel, John K. Roche, left a voicemail for Plaintiff's counsel, Sally A. Roberts, explaining that Google does not possess, and therefore cannot produce, the name used to register the Account. *See* Declaration of John K. Roche, at ¶ 2 ("Roche Decl.") (attached hereto as Exhibit B).

On August 10, 2011, Ms. Roberts replied with a voicemail demanding that Google produce the name used to register the Account. *Id.* ¶ 3.  That same day, Google's counsel replied with another voicemail and email once again explaining that Google cannot produce the name used to register the Account. *Id.*  During a telephone conversation later that day, counsel further explained that Google had not redacted anything from its production. *Id.*  Ms. Roberts agreed based on these representations that the matter was closed and she would not file her Motion to Compel. *Id.*  However, in an email sent just two days later, Ms. Roberts reneged on her pledge and renewed her threat to file her Motion to Compel, which she did on August 15th. *Id.* (Ex. 1 thereto).

On August 25, 2011, Plaintiff filed a Supplemental Memorandum of Law which made reference to, *inter alia*, certain Google policies that purportedly demonstrate "that Google has the authority to turn over the account information sought." *See* Supplemental Memorandum of Law, at 3 [Dkt. No. 37].  That same day, Google's outside counsel sent Plaintiff's counsel another email explaining yet again that Google is not withholding any information from Plaintiff, and the reasons why Google cannot produce the information Plaintiff seeks. *Id.* ¶ 4.  Nevertheless, Plaintiff has yet to withdraw his motion.

4

### III.    ARGUMENT

#### A.    Plaintiff's Motion is Frivolous

"[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  As described above, Google does not possess the name used to register the Account because it has been irretrievably purged.  *See* Kim Decl. ¶¶ 3-5, 10.  Google's counsel has repeatedly explained this to Plaintiff's counsel and has further explained that Google did not redact anything from its document production.  *See* Roche Decl. ¶¶ 2-4.  Nevertheless, after Plaintiff's counsel agreed that the matter was closed, Plaintiff reversed course and filed the instant motion, which is virtually identical to the draft motion Plaintiff served on August 8th.  *Id.* ¶ 3; *see also* Ex. 3 to Kim Decl.  In fact, despite Google's numerous communications with Plaintiff's counsel since August 8th explaining that Google did not redact anything and that it cannot produce the information Plaintiff seeks, Plaintiff's motion makes only a brief and inaccurate reference to these communications, while renewing the spurious allegation that Google responded to Plaintiff's subpoena only "after withdrawing the very information Counsel seeks to discover."  *See* Memorandum of Law, at 2 [Dkt. No. 28-1].  The instant motion is completely baseless.  It seeks to compel documents that a non-party does not possess, while at the same time presenting the Court with an inaccurate summation of the factual background leading up to the motion.  For these reasons, Google respectfully requests that Plaintiff's motion be denied.

#### B.    Plaintiff Has Brought His Motion in the Wrong Court

Under Fed. R. Civ. P. 45(a)(2)(C), a subpoena for production of documents must issue from the district where the documents are located.  *Caro v. Weintraub,* No. 3:09-CV-1353

(PCD), Ruling on Plaintiff's Motions to Compel Production from Third Party Google Inc., at 3 (D. Conn. March 4, 2011) [Dkt. No. 135] ("The Court finds that the August 16, 2010 subpoena is deficient for at least two reasons.  First, like Plaintiff's previous two subpoenas, it is issued from the District of Connecticut when it should have been issued from the Northern District of California, the district in which Google resides and where the vast majority of its documents and information is retrievable."); *see also Lent v. Signature Truck Systems, Inc.,* No. 06CV569S, 2010 WL 1707998, at *5 (W.D.N.Y. Apr. 26, 2010) (collecting cases).  Plaintiff concedes as much by issuing his revised subpoena – which is the only subpoena he seeks to enforce – out of the Northern District of California, where Google is located.  *See* Ex. A to Motion to Compel [Dkt. No. 28].

It follows then that a motion to compel compliance with a subpoena must be filed in the same court from which the subpoena was issued.  *Curry v. Delta Intern. Machinery Corp.*, No. 07-0828, 2008 WL 2620103, at *1 (W.D. Pa. July 2, 2008) ("It is the court that issued the subpoena that has the power to quash, modify, or compel compliance with the subpoena, or hold a person in contempt for failing to comply with it."); *Fincher v. Keller Industries, Inc*., 129 F.R.D. 123, 125 (M.D.N.C. 1990) ("With respect to non-parties and the enforcement of a Rule 45 Fed. R. Civ. P. subpoena, the Court which issues the subpoena is the proper forum for ruling on motions to compel.").  Nevertheless, Plaintiff has inexplicably filed the instant motion to compel here in this Court, despite the fact that the subpoena issued out of the Northern District of California.  Plaintiff has therefore brought his motion in the wrong jurisdiction, and the motion should be denied for this additional reason.

## C.     Google is Entitled to its Attorney's Fees and Costs

Plaintiff has an affirmative duty to avoid imposing "undue burden or expense" on non-

parties like Google.  *See* Fed. R. Civ. P. 45(c)(1).  Unfortunately, Plaintiff has disregarded this mandate by first inundating Google with dozens of emails and voicemails regarding his subpoenas, and then bringing a meritless motion to compel production of information that Google cannot produce even after Google repeatedly explained this fact to Plaintiff's counsel. Plaintiff has made matters worse by presenting the Court with a misleading and inaccurate summation of the factual background leading up to his motion, and by forcing Google to litigate in a court that does not have jurisdiction over his subpoena.  Google therefore respectfully submits that it is entitled to its reasonable expenses incurred in opposing Plaintiff's motion, including its attorneys' fees.  *See* Fed. R. Civ. P. 37(a)(5)(B) ("If [a motion to compel] is denied, the court . . . <u>must</u>, after giving notice and an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.") (emphasis added).

## IV.    CONCLUSION

For the reasons stated, Google respectfully requests that the Court deny Plaintiff's motion and award Google its reasonable expenses incurred in opposing the motion, including attorneys' fees.  After the Court's ruling on the instant motion, or upon prior request from the Court, Google would be pleased to provide the Court with a declaration regarding total fees incurred.

GOOGLE INC.

Respectfully submitted,

By:      _/s/_____
         Gerald C. Pia (ct 21296)
         Brian C. Roche (ct 17975)
         Roche Pia LLC
         2 Corporate Drive, Suite 248
         Shelton, CT 06484
         Telephone 203.944.0235
         Facsimile 203.225.1244
         Its Attorneys

## <u>CERTIFICATION</u>

I hereby certify that, on the date hereon, a copy of the foregoing was filed and served via the ECF system to the following parties:

Sally A. Roberts
Law Office of Peter Upton & Associates, LLC
1 Liberty Square - Suite 208
New Britain, CT 06051
860-328-0767
Fax: 860-893-0550
Email: sallyroberts@uptonlegal.com

*Attorneys for Plaintiff Pedro Temich*

James Newhall Tallberg
Karsten & Tallberg, LLC
8 Lowell Rd.
West Hartford, CT 06119
860-233-5600
Fax: 860-233-5800
Email: jtallberg@kt-lawfirm.com

*Attorneys for Defendant Evan Cossette*

Jay T. DonFrancisco
Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114-1190
860-249-1361
Fax: 860-249-7665
Email: jdonfrancisco@hl-law.com
Email: tgerarde@hl-law.com

*Attiorneys for Defendants Jeffry W. Cossette,*
*Timothy Topulos, Leonard Caponigro, Glen*
*Mislsagle, Leighten Gibbs & Marvin Richards*

Deborah Leigh Moore
Corporation Counsel's Office
142 East Main St., Rm. 240
Meriden, CT 06450
203-630-4046
Fax: 203-630-7907
Email: dmoore@ci.meriden.ct.us

*Attorneys for Defendant City Of Meriden*

  /s/
Gerald C. Pia (ct 21296)
Brian C. Roche (ct 17975)