UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PEDRO TEMICH | : | CIVIL ACTION NO. |
| | : | |
| VS. | : | 3:11-cv-958 (MRK) |
| | | |
| EVAN COSSETTE | : | JULY 20, 2012 |

## SECOND AMENDED COMPLAINT

**COUNT ONE**

      1.      This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

      2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

      3.      The plaintiff is an adult citizen of the United States who resides in Meriden, Connecticut.

      4.      During all times mentioned in this action, the defendant Evan Cossette was an officer in the Police Department of Meriden, Connecticut.  He is sued only in his individual capacity.

      5.      During all times mentioned in this Complaint, the defendant was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

      6.      Shortly before 11 p.m. on May 1, 2010, Officer Evan Cossette, without lawful consent, probable cause, or other legal justification, proceeded to violently hurl Plaintiff Pedro

Temich, a handcuffed prisoner, backwards into the holding cell at the Meriden Police Department, causing him to fall and strike the back of his head against a concrete bench, rendering Plaintiff unconscious and bleeding.

7. Defendant Evan Cossette thereafter entered the holding cell, moving the plaintiff, who was visibly bleeding from his head, approximately six or seven times, propping him up against the bench, and moving plaintiff into other positions as well, without regard to the plaintiff's critical need or emergency medical care, and thereby placing plaintiff at risk for even greater injury.

8. Defendant Evan Cossette, despite being certified at the time by the State of Connecticut as an Emergency Medical Responder, license number 8922, did not attempt to use his medical training to assist the plaintiff but continued in his reckless fashion of moving the plaintiff about into various positions, despite the obvious critical head injury which meant the plaintiff should have been immobilized.

9. Marvin Richards was on duty as shift commander on the evening of the incident, viewed defendant Even Cossette hurl plaintiff backwards against the cement bench, yet did not report the incident to his superiors or attempt to stop defendant Evan Cossette from continuing to move the plaintiff while blood was oozing from his head onto the cement floor of the holding cell.

10. Plaintiff was subsequently transported to MidState Medical Center, where he was treated for a fractured skull, and received 12 staples in his head.

11. As a result, the plaintiff suffered serious physical injuries, pain, fear, emotional distress and anxiety, and was required to undergo medical care and treatment to his economic loss.

12.     An internal affairs investigation began on June 21, 2010 regarding the incident in the temporary holding cell, and assigned as Number I.A. 10-32.

13.     After reviewing the video, Leonard Caponigro stated that "I watched the video several more times.  I did not see any furtive movements from this handcuffed male that would have caused Officer Cossette to push him."

14.     During the course in the investigation of Internal Affairs No. 10-32, defendant Evan Cossette was interviewed, after first having been given his Garrity Warnings, which advise the officer being questioned as part of an official investigation, and that making a false statement under oath is a Class A misdemeanor, and that if a false statement is made the questioners certification as a police officer may be revoked by the Police Officer Standards & Training Council under Public Act 05-200.

15.     During the recorded interview, defendant Evan Cossette stated to Sgt. Caponigro that "the male was very combative during the entire incident. He told me that when they arrived at HQ, the male would not exit the cruiser in the Sally Port and had to be escorted out. He told me that the male was resisting being placed in the holding cell and at one point he thought that the male was going to head butt him and he pushed him.  He felt that due to the intoxicated state of the male he lost his balance and fell."

16.     Sgt. Caponigro states that after the recorded interview with defendant Evan Cossette "I again watched the video.  I ran it forwards, backwards and frame by frame by frame. I could not detect any furtive movements by this male towards Officer Cossette."

17.     Sgt. Caponigro further states: "The video shows Officer Cossette push the man backwards with both hands.  The male lost his balance, falling backwards and striking his head on the cement seat.  It appears from the video that the male was unconscious.  A short time later

3

the video shows emergency personnel from fire and ambulance tending to this male. The male was transported to Mid-State and treated for his head injury."

18. Sgt. Caponigro concluded on July 14, 2010 that Officer Evan Cossette had violated Meriden Police Department Rules & Regulations regarding Use of Force in effectuating an arrest.

19. On August 31, 2010, Timothy Topulos, Deputy Chief of Police, issued defendant Evan Cossette a written letter of reprimand, sustaining a lesser charge than originally found by defendant Caponigro.

20. Defendant Evan Cossette's actions with plaintiff in the holding cell were also violations of departmental rules that require he provide medical attention, and another called "duty to act" yet neither Sgt Caponigro nor Topulos charged defendant Evan Cossette with those violations either.

21. In the manner described above, the defendant Evan Cossette violated the plaintiff's right to be free from unreasonable force in the course of an arrest all of which rights are guaranteed by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

22. In the manner described above, the defendant Evan Cossette was deliberately indifferent to the plaintiff's serious medical needs, in violation of the Fourth and Fourteen Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

**WHEREFORE**, the plaintiff claims judgment against the defendant Evan Cossette for compensatory damages, punitive damages, attorney fees and costs, all as provided by Sections 1983 and 1988 of Title 42 of the United States Code.

**The plaintiff claims trial by jury.**

                **Plaintiff, Pedro Temich**

By:   /s/ *Sally A. Roberts*
        Sally A. Roberts (ct24828**)**
        Law Office of Sally A. Roberts, LLC
        11 Franklin Square
        New Britain, CT 06051
        Tel:  860.384.6701
        Fax:  860.920.5233
        Cell:  860.328.0767
        sallyroberts@sallyrobertslegal.com
        His Attorney

**CERTIFICATION**

This is to certify that on July 20, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        *Sally A. Roberts*
        Sally A. Roberts (ct24828