UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PEDRO TEMICH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:11CV958 (DJS) |
| | : | |
| EVAN COSSETTE, | : | |
| Defendant. | : | |

MEMORANDUM OF DECISION

In his Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, the plaintiff,

Pedro Temich ("Temich"), alleges that the defendant, Evan Cossette ("Cossette"), violated his

right under the Fourth Amendment to the United States Constitution to be free from unreasonable

force in the course of an arrest. Pending before the Court are: (1) the plaintiff's Motion for

Summary Judgment on Liability; (2) the defendant's Motion for Scheduling Order; and (3) the

plaintiff's Motion for Sanctions. For the reasons stated below, the plaintiff's Motion for Summary

Judgment on Liability (doc. # 163) is granted, the defendant's Motion for Scheduling Order (doc.

# 166) is granted in part and denied in part, and the plaintiff's Motion for Sanctions (doc. # 172)

is denied.

BACKGROUND

On May 1, 2010, the defendant Cossette, who at that time was a police officer with the

Meriden Police Department, arrested Temich in connection with a reported hit and run traffic

incident. Cossette transported Temich to the Meriden Police Department and escorted him from

Cossette's squad car into a holding cell. Cossette approached Temich, who was handcuffed, in

the holding cell and pushed him, causing Temich to fall backward and strike his head on a

cement cell bench.[1]

Cossette was subsequently charged with and convicted of "willful deprivation of [Temich's] civil rights by the use of excessive force . . . ." *United States v. Cossette*, 593 F. App'x 28, 29 (2d Cir. 2014) (summary order).  Cossette appealed his conviction to the United States Court of Appeals for the Second Circuit, contending that "he was denied due process because he lacked 'fair warning' that his conduct violated the charged statute[]." *Id.*  The Court of Appeals affirmed the judgment entered against Cossette. *Id.*

Motion for Summary Judgment on Liability

The Court may only grant a motion for summary judgment if it determines that there is no genuine issue of material fact to be tried and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Redd v. N.Y. State Division of Parole*, 678 F.3d 166, 173-74 (2d Cir. 2012) (internal quotation marks omitted).  In making that determination, the Court must "construe the evidence in the light most favorable to the non-moving party and . . . draw all reasonable inferences in its favor." *Huminski v. Corsones*, 396 F.3d 53, 69-70 (2d Cir. 2004) (internal quotation marks omitted).

Temich has moved for summary judgment on the issue of liability. He argues that either the doctrine of res judicata or the doctrine of collateral estoppel precludes the relitigation in this case on the issue of the use of excessive force determined against Cossette in the criminal case.

---

[1]The parties do not agree on the facts leading up to the encounter between Temich and Cossette in the holding cell.

Cossette contends that Temich's motion should be denied because it is premised on an incorrect

legal standard, the underlying criminal case did not include a full and fair litigation of Cossette's

qualified immunity defense.  The criminal case, instead, was premised on different legal

standards and procedures than those applicable in this action, and fundamental fairness entitles

him to a jury trial.[2]

"'The doctrine of res judicata, or claim preclusion, applies in later litigation if an earlier

decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a

case involving the same parties or their privies, and (4) involving the same cause of action.'"

*Fried v. LVI Services, Inc.*, 932 F. Supp. 2d 314, 319 (D. Conn. 2013) (quoting *Hecht v. United*

*Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012)). The pending civil action does not

involve the same parties or cause of action as the criminal case and thus the doctrine of res

judicata does not apply.

"The doctrine of collateral estoppel represents a choice between the competing values of

correctness, uniformity, and repose. . . . Our system resolves the conflict among values by

holding that an issue determined in one proceeding normally may not be reexamined." *Gelb v.*

*Royal Globe Insurance Co.*, 798 F.2d 38, 44 (2d Cir. 1986).  Collateral estoppel, or issue

preclusion, "bars litigation of an issue when (1) the identical issue was raised in a previous

proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the

---

[2]Cossette's opposition to the motion for summary judgment also argues that the criminal case did not address plaintiff's claim for deliberate indifference to his medical needs. In his reply to Cossette's opposition, Temich clarifies that his Second Amended Complaint is in one count alleging excessive force, and that "[t]o the extent the court views the allegations in ¶ 22 [deliberate indifference to medical needs] as a separate claim, the plaintiff withdraws it." (Doc. # 188, at 2).

party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (internal quotation marks omitted). The doctrine of collateral estoppel applies to an issue in a §1983 action that was determined in a prior criminal conviction. *See Allen v. McCurry*, 449 U.S. 90, 102-04 (1980). "Because mutuality of estoppel is no longer an absolute requirement under federal law, a party other than the Government may assert collateral estoppel based on a criminal conviction." *Gelb*, 798 F.2d at 43 (citations omitted).

The issue in the criminal case against Cossette was, as described by the Second Circuit, "willful deprivation of civil rights by the use of excessive force . . . ." *Cossette*, 593 F. App'x at 29[3]. The issue in the civil action, as plead in the Second Amended Complaint, is "unreasonable force in the course of an arrest . . . ." (Doc. # 122, at 4, ¶ 21).  It is evident that both the criminal and the civil case involve the same issue, i.e., excessive force. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (a claim that an arresting officer used excessive force is analyzed under a reasonableness standard). Cossette has not argued that the issues in the two cases are not identical. He has also not challenged the second or fourth conditions of collateral estoppel, i.e., that the issue was actually litigated and decided in the criminal case, and that the resolution of that issue was necessary to support a valid and final judgment on the merits in that case. Instead he challenges the third condition of collateral estoppel by arguing that he did not have a full and fair opportunity to litigate the issue.

Cossette does not claim that he did not have a full opportunity in the criminal case to litigate the issue of excessive force per se. It is clear from the Second Circuit's decision that the

---

[3]There was a second issue in the criminal case that is not pertinent to the civil action.

issue of excessive force was fully litigated in that case. Rather, Cossette maintains that because

he was not able to raise the defense of qualified immunity in the criminal case, he has not had a

full and fair opportunity to litigate the issue of excessive force for purposes of this civil action.

The defense of qualified immunity is not germane to a criminal proceeding. Instead, "[q]ualified

immunity shields law enforcement officers from §1983 claims for money damages provided that

their conduct does not violate clearly established constitutional rights of which a reasonable

person would have been aware." *Savino v. Town of Southeast*, 572 F. App'x 15,16 (2d Cir. 2014)

(summary order).

      While it is true that the defense of qualified immunity cannot be raised in a criminal case,

the argument that Cossette did not have a full and fair opportunity to litigate the issue of

excessive force in his criminal case is not correct. "'The relevant, dispositive inquiry in

determining whether a right is clearly established [for purposes of qualified immunity] is whether

it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001). With regard to that inquiry,

the Second Circuit noted the following:

> Cossette acknowledges that, at least since *Graham v. Connor*, 490
> U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), law
> enforcement officers have been on notice that the Fourth Amendment
> prohibits their use of excessive force during an arrest. He nevertheless
> contends that no 'closely analogous' Supreme Court or Second
> Circuit case gave him fair notice that his particular actions in this
> case were excessive so as to expose him to . . . culpability. In advancing
> this argument, however, Cossette maintains his own version of
> events, i.e., that he shoved an intoxicated detainee whom he thought
> was about to assault him. Whatever the law does or does not say with
> respect to the reasonable use of force in such circumstances, those
> are not the circumstances either alleged in the indictment or
> pursued by the government at trial. Cossette was charged with using

force without provocation or need, specifically, with assaulting a detainee who was already handcuffed in a holding cell and, most importantly, compliant with the police. Cossette does not - - and cannot - - contend that he lacked fair notice that gratuitously assaulting a detainee, without provocation or need, constituted an unreasonable use of force.

*Cossette*, 593 F. App'x at 30 (internal quotation marks and citations omitted). Cossette's

contention that his criminal case did not afford him the opportunity to argue "that his contested

conduct was objectively reasonable"; (doc. # 187, at 6); is contradicted by the Second Circuit's

affirmation that Cossette's conduct, as found by a jury, "constituted an unreasonable use of

force." *Cossette*, 593 F. App'x at 30.

Cossette's argument that the criminal case was premised on different legal standards and

procedures than those applicable in this action is unavailing because "[t]he Government bears a

higher burden of proof in the criminal than in the civil context . . . . " *Gelb*, 798 F.2d at 43. The

Court likewise is not persuaded that fundamental fairness[4] dictates the denial of Temich's motion

for summary judgment. A jury has already determined under the "higher burden of proof in the

criminal . . . context"; *id.*; that Cossette used excessive force in connection with his arrest of

Temich. Excessive force is, by its nature, objectively unreasonable force. *See Graham*, 490 U.S.

at 397 ("the 'reasonableness' inquiry in an excessive force case is an objective one"). The Court

recognizes that "collateral estoppel is an equitable doctrine - - not a matter of absolute right."

*PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004). "In the context of

collateral estoppel, preclusive effect may be refused when there is a compelling showing of

---

[4]While Cossette mentions "the Seventh Amendment to the United States Constitution" in his objection to Temich's motion for summary judgment; (doc. # 187, at 2); his memorandum does not include an argument based on the Seventh Amendment.

unfairness or inadequacy in the prior litigation." *Charter Oak Fire Insurance Co. v. Electrolux Home Products, Inc.*, 882 F. Supp. 2d 396, 402 (E.D.N.Y. 2012)) (internal quotation marks omitted). The Court finds no showing of unfairness or inadequacy in the criminal proceeding or any other reason to refuse to apply the doctrine of collateral estoppel.

For the reasons stated above, the plaintiff Temich's Motion for Summary Judgment on Liability (doc. # 163) is granted.

Motion for Scheduling Order

Cossette is requesting that the Court enter a scheduling order that will allow him to conduct further discovery not completed before this action was stayed and further requests that the Court defer ruling on the plaintiff's motion for summary judgment until after the completion of the additional discovery. Cossette seeks to conduct further discovery relating to both liability and damages. Temich opposes the motion seeking further discovery and contends that Cossette is, in effect, "attempting to retry his criminal case, for which he was convicted which judgment is subject to collateral estoppel effect." (Doc. # 182, at 1).

To the extend Cossette seeks to conduct further discovery relating to the issue of liability his motion is denied. As indicated in the preceding section, the Court has granted Temich's Motion for Summary Judgment on Liability.  Since the issue of liability has already been determined, there is no need for further discovery as to that issue.

The extent of additional discovery on the issue of damages sought to be conducted by Cossette is not entirely clear, and it is evident that he has already received information pertinent to that issue. Nonetheless, the Court is willing to permit him to conduct additional discovery with the express understanding that such discovery is limited to the issue of damages. To that extent,

and that extent only, Cossette's Motion for Scheduling Order (doc. # 166) is granted.

### Motion For Sanctions

Temich has moved for sanctions against Cossette's counsel pursuant to 28 U.S.C. § 1927 "for seeking to reopen discovery (dkt. # 166), to needlessly delay this litigation and for multiplying the proceedings unreasonable and vexatiously." (Doc. # 172, at 3). In essence, Temich argues that because there is no valid defense to his motion for summary judgment on liability, the filing of a motion for a scheduling order by Cossette's counsel was reckless, unreasonable, and vexatious. In opposing this motion, Cossette contends that his motion for a scheduling order is appropriate in light of the fact that this action was stayed for two years while the criminal case was pending and before all discovery had been completed. He notes that his memorandum in support of the motion to stay specifically stated that "he respectfully requests that this civil action be stayed temporarily and that he be allowed to complete discovery, and disclose experts, following the resolution of the criminal action." (Doc. # 133-1, at 2).

"Section 1927 of Title 28 of the United States Code authorizes the courts to sanction an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously.' 28 U.S.C. § 1927." *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 216 (E.D.N.Y. 2012). "Unlike Rule 11 sanctions which focus on particular papers, the inquiry under §1927 is on a course of conduct." *Id.* (internal quotation marks omitted). The applicable standard for sanctions under §1927 requires clear evidence that "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Chong v. Kwo Shin Chang*, No. 14-1626, 2015 U.S. App. LEXIS 5381, at *4 (2d Cir. April 3, 2015) (summary order) (internal quotation marks omitted). Sanctions may be imposed under §1927 "only for conduct undertaken in bad faith."

*Wachtell Masyr & Missry LLP v. Genger*, 568 F. App'x 10, 11 (2d Cir. 2014) (summary order).

Temich's motion for sanctions is based on the filing of Cossette's motion for scheduling order. That motion has been granted in part and denied in part. Since Cossette's motion was granted in part, the Court does not find that Cossette's motion was entirely meritless or that his counsel acted in bad faith. The Court understands Temich's argument that because collateral estoppel applies to his liability claim (and presumably because Cossette has already obtained discovery information relating to damages) there can be no legitimate basis for the motion seeking additional discovery time. As noted above, however, Cossette's stay application specifically requested an opportunity to complete discovery after the resolution of the criminal case. In any case, the application of the doctrine of collateral estoppel involves an exercise of the Court's discretion, and the Court does not find that Cossette's counsel acted in bad faith in arguing, albeit unsuccessfully, against the exercise of that discretion. For these reasons, Temich's Motion for Sanctions (doc. # 172) is denied.

CONCLUSION

For the reasons stated above, the Court hereby ORDERS that:

1. The plaintiff Temich's Motion for Summary Judgment on Liability (**doc. # 163**) is **GRANTED**.

2. The plaintiff Temich's Motion for Sanctions (**doc. # 172**) is **DENIED**.

3. The defendant Cossette's Motion for Scheduling Order (**doc. # 166**) is **GRANTED in part and DENIED in part.** The parties are directed to confer in a good faith effort to agree on a scheduling order allowing for additional discovery limited to the issue of damages. If the parties agree on a proposed scheduling order they shall file their joint proposal by July 6, 2015. If the

parties are unable to come to an agreement on a joint proposed scheduling order, each party shall

file a proposed scheduling order by July 8, 2015 and counsel shall further verify to the Court that

he or she conferred with opposing counsel and made a good faith effort to reach an agreement.

The Court will thereafter issue a scheduling order. After the close of discovery, this case

will proceed to a hearing in damages.

SO ORDERED this   12th   day of June,  2015.

/s/ Dominic J. Squatrito
Dominic J. Squatrito
United States District Judge